# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KATHLEEN A. UZEE ET AL.                          CIVIL ACTION

VERSUS                                           NO: 18-6856

HUNTINGTON INGALLS                               SECTION: "H"
INCORPORATED ET AL.

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 4). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This asbestos litigation stems from a wrongful death and survival suit filed in state court by Plaintiffs Kathleen A. Uzee, Denise A. Uzee, and Philip A. Uzee ("Plaintiffs"), on behalf of their deceased relative, Atney Uzee.[1] Plaintiffs filed their original petition in Orleans Parish's Civil District Court on March 21, 2018, claiming Atney Uzee died on October 10, 2017, because of mesothelioma caused by his exposure to asbestos-containing products during

---

[1] Doc. 1-2.

1

his employment at the Avondale shipyard in New Orleans from 1964 to 1972.[2] Plaintiffs sued numerous defendants, including Defendant Huntington Ingalls Inc. ("Avondale"),[3] under Louisiana state law negligence and failure to warn claims seeking wrongful death and survival damages.[4]

On July 19, 2018, Defendant Avondale removed Plaintiffs' suit to this Court under the Federal Officer Removal Statute.[5] In essence, Defendant Avondale argues it is entitled to removal because it only engaged in the conduct underlying Plaintiffs' claims—the use of asbestos-containing products in Avondale's shipbuilding business—because Avondale's contracts with the federal government required it to do so.[6]

Plaintiffs filed a Motion to Remand this case to state court on July 24, 2018, arguing that Defendant failed to meet the necessary requirements of the Federal Officer Removal Statute.[7] Plaintiffs filed a Supplemental Memorandum in Support of their Motion on July 30, 2018.[8] Defendant opposes.[9] The Court heard Oral Argument in this matter on September 12, 2018.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[10] The burden

---

[2] Doc. 1-2 at 5.

[3] This Court refers to Defendant Huntington Ingalls, Inc., as "Avondale" because that is how it is commonly known and that is how the parties refer to it. Huntington Ingalls, Inc., was formerly known as Avondale Industries, Inc., and Avondale Shipyards, Inc. Doc. 1-2 at 4.

[4] Doc. 1-2.

[5] Doc. 1. *See* 28 U.S.C. § 1442(a)(1).

[6] Doc. 1 at 5–6.

[7] Doc. 4.

[8] *See* Doc. 15.

[9] *See* Doc. 19.

[10] 28 U.S.C. § 1441.

is on the removing party to show "that federal jurisdiction exists and that removal was proper."[11] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[12]

## LAW AND ANALYSIS

Defendant argues this Court has jurisdiction under 28 U.S.C. § 1442(a)(1) ("Federal Officer Removal Statute"). Under the statute, an action commenced in state court "that is against or directed to . . . The United States or any agency thereof or any officer (*or any person acting under that officer*)" may be removed.[13] Because Avondale is not an agency of the United States, "[t]o remove, [it] must show: '(1) that it is a person within the meaning of the statute, (2) that it has 'a colorable federal defense,' (3) that it 'acted pursuant to a federal officer's directions,' and (4) 'that a causal nexus exists between [its] actions under color of federal office and the plaintiff's claims.'"[14] Although remand to state court generally is preferable when removal jurisdiction is questionable, courts must broadly construe the Federal Officer Removal Statute, interpreting it liberally to support federal jurisdiction when appropriate.[15] Nevertheless, the statute's scope is "not limitless."[16]

In memoranda supporting their Motion to Remand, Plaintiffs argue Defendant Avondale failed to satisfy the elements of the Federal Officer

---

[11] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[12] *Manguno*, 276 F.3d at 723.

[13] 28 U.S.C. § 1442(a)(1) (emphasis added).

[14] Legendre v. Huntington Ingalls, Inc., 885 F.3d 398, 400 (5th Cir. 2018) (quoting Zeringue v. Crane Co., 846 F.3d 785, 789 (5th Cir. 2017)).

[15] *See* Savoie v. Huntington Ingalls, Inc., 817 F.3d 457, 460–61 (5th Cir. 2016) (citing Watson v. Philip Morris Cos., 551 U.S. 142, 147 (2007)).

[16] *Watson*, 551 U.S. at 147.

Removal Statute.[17] Plaintiffs also argue that Defendant Avondale untimely filed its Notice of Removal.[18] Defendant Avondale argues in response that it timely removed this suit, and that it fulfilled the requirements of the removal statute. This Court will briefly address the timeliness issue before turning to the dispositive inquiry in this matter: whether Defendant Avondale satisfied the "causal nexus" requirement of the removal statute.

## I.   Defendant Avondale Timely Removed this Action

Plaintiffs argue that Defendant Avondale failed to timely remove this action as required by 28 U.S.C. § 1446(b). Under that statute, a defendant must file a Notice of Removal within 30 days after receipt of a plaintiff's "initial pleading setting forth the claim for relief upon which such action or proceeding is based."[19] Nevertheless, "if the case stated by the initial pleading is *not* removable, a notice of removal may be filed *within 30 days after receipt by the defendant*, through service or otherwise, *of* a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable*."[20]

Plaintiffs filed their "initial pleading" in state court on March 21, 2018.[21] Defendant Avondale did not remove this action until July 19, 2018.[22] It is unclear from the record exactly when Defendant received a copy of Plaintiffs' initial pleading. This Court, however, assumes arguendo that the receipt occurred more than 30 days before Defendant removed this action because four months passed between Plaintiffs' filing of their petition and Defendant's subsequent removal. Thus, if Plaintiffs' petition contained sufficient

---

[17] *See* Docs. 4, 15.
[18] Doc. 4.
[19] 28 U.S.C. § 1446(b)(1).
[20] *Id.* § 1446(b)(3)(emphasis added).
[21] Doc 1-2 at 1.
[22] Doc. 1.

allegations to put Defendant Avondale on notice to remove, Avondale's removal would have been untimely under 28 U.S.C. § 1446(b)(1).

The initial 30-day clock provided by § 1446(b)(1) only commences when a pleading "affirmatively reveals on its face" that the case is removable.[23] Plaintiffs argue that their petition's *disclaimer* of claims based on any conduct Avondale undertook "at the direction of the federal government" was sufficient to put Avondale on notice of its right to remove under the Federal Officer Removal Statute.[24] In other words, Plaintiffs want to have their cake and it eat too. Plaintiffs argue that their petition *disclaimed* all causes of action that could give rise to removal under the Federal Officer Removal Statute, while simultaneously arguing that the same disclaimer provided Defendant Avondale a right of removal sufficient to trigger the initial 30-day clock under § 1446(b)(1). To say that a petition expressly disclaiming removable claims "affirmatively reveals on its face" that the case is removable defies reason. Thus, Defendant Avondale's receipt of Plaintiffs' petition—whenever that receipt may have occurred—did not trigger the 30-day clock provided for by § 1446(b)(1).

Defendant Avondale argues it only became aware that Plaintiffs' suit was removable when, on July 5, 2018, Defendant received a transcript of the deposition of Tex Martinez.[25] It was in that deposition that Defendant learned

---

[23] *See* Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (holding that a plaintiff must specifically allege damages above $75,000 in initial pleading to commence 30-day clock in diversity removal cases); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (extending rule from *Chapman* to federal question removal cases by holding that removal clock does not begin to run unless federal question is revealed on the face of the initial pleading). *See also* Loupe v. Pennsylvania Gen. Ins. Co., No. 16-6075, 2016 WL 6803531, at *3 (E.D. La. Nov. 17, 2016) (noting that rule from *Chapman* also would apply in context of sufficiency of pleadings to trigger 30-day clock for Federal Officer Removal Statute in asbestos litigation involving Avondale) (citing *Chapman*, 969 F.2d at 163).

[24] Doc. 4-1 at 26.

[25] Doc. 19 at 12.

Plaintiffs were alleging the decedent suffered asbestos exposure aboard a specific federal ship at Avondale's shipyard.[26] The Fifth Circuit recently held that the removal clock for § 1446(b)(3)—at least when a defendant claims the necessary awareness of removability came from information learned at a deposition—commences when the defendant receives the deposition transcript.[27] Here, because Defendant Avondale filed for removal on July 19— two weeks after it received the transcript of Martinez's deposition—the removal occurred comfortably within the 30-day window provided by § 1446(b)(3). Defendant Avondale's removal was timely.

## II. Defendant Avondale Failed to Satisfy the "Causal Nexus" Requirement for Removal Under the Federal Officer Removal Statute

A defendant must satisfy all four elements of the Federal Officer Removal Statute for removal to succeed.[28] Thus, if any one element is lacking, remand to state court is justified. Here, because this Court finds Defendant Avondale failed to meet the "causal nexus" element, the Court declines to address the parties' arguments regarding whether Defendant Avondale satisfied the other three requirements necessary for removal under the statute.

The casual nexus element requires a defendant to show that there exists a causal nexus between its actions under the direction of the federal government and the conduct underlying the plaintiff's claim in the suit.[29] In other words, a defendant must show it was, in fact, the federal government—

---

[26] *Id.*

[27] Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 612 (5th Cir. 2018) ("We adopt a bright-line rule today: Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript. Avondale thus timely removed within thirty days of receiving the deposition transcript.").

[28] *See Legendre*, 885 F.3d at 400.

[29] *See* Melancon v. Lamorak Ins. Co., No. 18-30113, 2018 WL 3612543, at *1 (5th Cir. July 26, 2018) (citing Zeringue v. Crane Company, 846 F.3d 785, 789 (5th Cir. 2017)).

and not the defendant independently—that caused a plaintiff's injury. Because this case is but one of numerous others in which asbestos plaintiffs have fought with Avondale and other defendants about removability under the Federal Officer Removal Statute, there exists a plethora of Fifth Circuit cases interpreting the statute's causal nexus requirement.[30] As a result, the law applicable to the facts before this Court is clear.

When a plaintiff makes a strict liability claim against Avondale based on Avondale's use of asbestos-containing material pursuant to its obligations under shipbuilding contracts it had with the federal government, the causal nexus element is satisfied.[31] But when the claim is for negligent failure to warn, train, and adopt safety procedures regarding asbestos, "removal . . . [is] inappropriate because the nexus requirement is not met."[32] The theory underlying the distinction is that just because the government required Avondale to use asbestos-containing material does not mean Avondale was not free to adopt safety measures to protect its employees from handling the dangerous materials. Put succinctly, the government's mandate that Avondale use asbestos did not cause Avondale to fail to warn its employees about the dangers of asbestos. On the contrary, when a plaintiff alleges Avondale is strictly liable for the mere use of asbestos-containing products, it makes more sense to find as a matter of law that the government's mandate to use asbestos caused Avondale's allegedly unlawful behavior.

---

[30] *See, e.g.*, *Legendre*, 885 F.3d at 398; *Melancon*, 2018 WL 3612543, at \*1 ("This case is the latest in an ever-increasing line of cases brought by former Huntington Ingalls employees or their family members in state court alleging asbestos exposure."); *Savoie*, 817 F.3d at 459.

[31] *See Melancon*, 2018 WL 3612543, at \*2 ("For strict liability claims that 'rest on the mere use of asbestos,' a causal nexus is established because 'the government obligates the defendant to use the allegedly defective product that causes the plaintiff's harm.'") (quoting *Savoie*, 817 F.3d at 465–66).

[32] *Melancon*, 2018 WL 3612543, at \*2 (citing *Legendre*, 885 F.3d at 402).

Here, Plaintiffs expressly *disclaimed* in their petition any strict liability claims they may have had against Avondale.[33] Defendant Avondale, however, argues that Plaintiffs' disclaimer is "unenforceable as a matter of law."[34] In support, Defendant cites to *Boyd v. Boeing*,[35] a case in which another section of this Court found a boilerplate disclaimer of all causes of action arising from the defendant's conduct caused by any act or omission committed at the direction of an officer of the U.S. government insufficient to justify remand.[36] *Boyd*, though, is inapposite for two reasons. First, the court in *Boyd* did not in fact hold the disclaimer "unenforceable" as a matter of law. Instead, the court simply held that it would "not grant remand on the disclaimer alone."[37] Second, and more importantly, the cases are distinguishable. It is true that, as in *Boyd*, Plaintiffs in this case inserted in their petition a broad disclaimer of all causes of action arising from conduct undertaken by defendants at the direction of the government.[38] Nevertheless, it is not *that* disclaimer, but Plaintiffs' *separate* disclaimer of all strict liability claims that is relevant here.[39] Even if this Court refused to credit Plaintiffs' broad disclaimer of claims arising from actions committed by Defendant Avondale at the direction of the U.S. government, this Court cannot force Plaintiffs to make strict liability claims they refused to make.

---

[33] Doc. 1-2 at 7.

[34] Doc. 19 at 31.

[35] No. 15-0025, 2015 WL 4371928 (E.D. La. July 14, 2015).

[36] *Boyd*, 2015 WL 4371928, at *6.

[37] *Id.*

[38] Doc. 1-2 at 7 ("Petitioners' causes of action are based upon the acts and omissions of defendants or those for whom the defendants are responsible, and are specifically not based upon any act committed at the direction of the United States Government.").

[39] Doc. 1-2 at 7 ("Plaintiffs make no claim of strict liability against Defendant Huntington Ingalls, Inc. . . ., its executive officers or their insurers.").

Defendant also cites to several cases from courts in other federal districts to support its argument.[40] Not only is this Court not bound by those decisions, but *Marley v. Elliot Turbomachinery Co.* is distinguishable for the same reason as *Boyd*,[41] and both *Dougherty v. A O Smith Corp.* and *Kite v. Bill Van Co.* are distinguishable on different grounds.[42] Here, Plaintiffs expressly disclaimed against Defendant Avondale any claims arising from strict liability.[43] In lieu of those claims, Plaintiffs made Louisiana state law negligent failure to warn, train, supervise, and adopt safety procedures governing employee handling of asbestos-containing material.[44] Because Plaintiffs are "masters" of their complaint,[45] Defendant Avondale cannot force Plaintiffs to make claims they expressly disclaimed. As such, under the clear Fifth Circuit precedent created by *Melancon* and *Legendre*,[46] Defendant Avondale failed to satisfy the causal nexus element of the removal statute by merely alleging that contractual provisions required it to use asbestos-containing material.[47]

---

[40] *See* Doc. 19 at 39. *See also* Dougherty v. A O Smith Corp., No. 13-1972-SLR-SRF, 2014 WL 3542243, at *10 (D. Del. July 16, 2014), *report and recommendation adopted sub nom.*, Dougherty v. A.O. Smith Corp., No. 13-1972-SLR-SRF, 2014 WL 4447293, at *2 (D. Del. Sept. 8, 2014); Kite v. Bill Van Co., No. 11-0444-WS-N, 2011 WL 4499345, at *2 (S.D. Ala. Sept. 29, 2011); Marley v. Elliot Turbomachinery Co., 545 F. Supp. 2d 1266, 1275 (S.D. Fla. 2008).

[41] *Marley*, 545 F. Supp. 2d at 1274–75 (refusing to credit broad disclaimer of any claims arising from activity the defendant took at the direction of the federal government).

[42] *Dougherty*, 2014 WL 3542243, at *9–10 (analyzing *post-removal* disclaimer and ultimately recommending that the court *grant* the plaintiff's motion to remand); *Kite*, 2011 WL 4499345, at *2 (refusing to credit disclaimer of "every claim arising under the Constitution, treaties, laws of the United States (including any claim arising from an act or omission on a federal enclave, or by any officer of the United States or any agency or person acting under him/her under color of such office . . .[ ) ]").

[43] Doc. 1-2 at 7.

[44] *See* Doc. 1-2 at 5–7.

[45] *See* Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

[46] At oral argument, Defendant's counsel conceded that Fifth Circuit precedent binds this Court to rule against Defendant on the causal nexus issue.

[47] *See Melancon*, 2018 WL 3612543, at *2 (citing *Legendre*, 885 F.3d at 402). *See also* Templet v. Huntington Ingalls, Inc., 720 F. App'x 726, 727 (5th Cir. 2018) (reaching same result by citing *Legendre*).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 4) is **GRANTED**.

New Orleans, Louisiana this 25th day of September, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**